# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GODO KAISHA IP BRIDGE 1, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 2:17-CV-00100-JRG-RSP |
| | § | |
| XILINX, INC., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

In this patent case, the Court will now consider Xilinx, Inc.'s Motion to Dismiss Under Rule 12(b)(6) Or, In The Alternative, to Transfer Venue Under 28 U.S.C. § 1404(a) [Dkt. # 18]. Since filing the motion, Xilinx has withdrawn the motion to dismiss, and now only seeks transfer under § 1404(a). Reply [Dkt. # 26] at 1.

After reviewing the parties' briefing, the Court concludes the motion to transfer should be **GRANTED**.

## I. BACKGROUND

Defendant Xilinx is a Delaware corporation with its principal place of business in San Jose, California. Wu Decl. (Jan. 22, 2017) [Dkt. # 18-27] ¶ 3. Xilinx designs and develops FPGAs, SoCs, MPSoCs, and 3D integrated circuits, which enable applications that are both software defined and hardware optimized. *Id.* ¶ 5. These circuits are important to Cloud Computing, 5G Wireless, Embedded Vision, and Industrial IoT. *Id.*

Xilinx's primary design and development takes place in its San Jose facilities, which houses about 1500 employees. *Id.* ¶ 4, 7. But Xilinx does not manufacture or fabricate its integrated circuit products. *Id.* ¶ 11. Instead, Xilinx contracts third-party semiconductor manufacturing companies, called foundries, to manufacture or fabricate those products. *Id.*

Plaintiff Godo Kaisha is a Japanese corporation based in Tokyo. Compl. [Dkt. # 1] ¶ 2. Godo Kaisha acquired the asserted patents (U.S. Patents 7,265,450 and 7,893,501) from Panasonic Corporation in 2014. USPTO Records [Dkt. # 18-9]. According to the USPTO database, the named inventors on the patents-in-suit reside in Japan. USPTO Records [Dkt. # 18-12]; Compl. [Dkt. # 1] Exs. A, C.

Godo Kaisha accuses the Xilinx Kintex-7 FPGA and Virtex-6 FPGA device families as covered by the patents- in-suit. Compl. [Dkt. # 1] ¶¶ 15, 24. Xilinx designed and developed these device families in San Jose. Wu Decl. (Jan. 22, 2017) [Dkt. # 18-27] ¶ 7. The Xilinx engineers with primary knowledge of the design and development of the accused products include Jennifer Wong and Jonathan Chang, both of whom work at Xilinx's headquarters in San Jose. *Id.*

Xilinx contracts with two Taiwanese foundries to manufacture these devices: Taiwan Semiconductor Manufacturing Company Limited (TSMC Ltd) and United Microelectronics Corporation (UMC Taiwan). *Id.* ¶ 12. Both foundries have California-based subsidiaries that facilitate services for U.S.-based customers. Xilinx's California engineers interacted with the parent corporations and their California-based subsidiaries in the process of designing the accused products. *Id.* ¶¶ 12–14. Xilinx identifies Jonathan Chang, Xin Wu,

Charles Chen, Jimmy Lo, Kevin Yan, and Kevin Wu as the individuals with knowledge of these interactions, all of whom are located in San Jose. *Id.* ¶ 12–14.

Xilinx sells its products nationwide. *Id.* ¶ 15. The main sales operation is in the Northern District of California, but Xilinx has auxiliary sales offices in North Carolina, Florida, Illinois, New Hampshire, and Texas. *Id.*

Xilinx's Plano office has 14 employees. *Id.* ¶ 16. None of those employees has responsibility for the design or development of the accused products. *Id.* Moreover, Xilinx is not aware of any technical records relevant to this litigation that are kept in Texas. Rather, all records are maintained and their access controlled by Xilinx's San Jose headquarters. *Id.* ¶¶ 10, 17.

Xilinx contends the foundries, TSMC Ltd and UMC Taiwan, may have relevant information because they manufacture the accused products for Xilinx in coordination with their U.S. subsidiaries. TSMC NA, a subsidiary of TSMC Ltd, facilitates services between customers such as Xilinx and TSMC Ltd., and its employees provide technical support for and have knowledge about the sales and marketing of the TSMC foundry services. Company Overview of TSMC NA [Dkt. # 18-13]; Wu Decl. (Jan. 22, 2017) [Dkt. # 18-27] ¶¶ 13–14. TSMC NA is headquartered in San Jose, California. TSMC NA Company Overview [Dkt. # 18-13]; TSMC Webpage [Dkt. # 18-14]. Neither TSMC Ltd. nor TSMC NA have offices in this District. Chen Decl. (Oct. 29, 2016) [Dkt. # 18-15]; Chu Decl. (Oct. 29, 2014) [Dkt. # 18-16].

UMC USA, a subsidiary of UMC Taiwan, facilitates services between customers

such as Xilinx and UMC Taiwan. Its employees provide technical support for and have knowledge about the sales and marketing of the UMC foundry services used to manufacture the accused products. UMC Group (USA) [Dkt. # 18-17]; Lin Decl. (Jan. 26, 2017) [Dkt. # 18-19]. UMC USA has its principal place of business in Sunnyvale, California. UMC Group (USA) [Dkt. # 18-17]; UMC Group (USA) Webpage [Dkt. # 18-18]. Neither UMC Taiwan nor UMC USA has offices in this District. Lin Decl. (Jan. 26, 2017) [Dkt. # 18-19].

## II. APPLICABLE LAW

Regardless of whether the plaintiff's chosen venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district court or division where it might have been brought." 28 U.S.C. § 1404(a). A court should grant a motion to transfer under § 1404(a) if the transferee venue is clearly more convenient than the plaintiff's chosen venue. *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc).

The Fifth Circuit applies the "public" and "private" factors for determining forum *non conveniens* when deciding a § 1404(a) question. *In re Volkswagen*, 545 F.3d at 314 n.9. The "private" interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious, and inexpensive. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981). The "public" interest factors are: "(1) the administrative difficulties flowing from

court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *In re Volkswagen,* 545 F.3d at 315.

The plaintiff's choice of venue is not a factor in this analysis. *Id.* at 314–15; *id.* at 314 n.10. Instead, the plaintiff's choice of venue contributes to the defendant's burden in proving the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315; *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009). And though the private and public factors apply to most transfer cases, they are not exhaustive or exclusive and no single factor is dispositive. *In re Volkswagen*, 545 F.3d at 315.

"Motions to transfer venue are to be decided based on 'the situation which existed when suit was instituted.'" *In re EMC Corp.,* 501 Fed. Appx. 973, 976 (Fed. Cir. 2013) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960)).

### III. DISCUSSION

#### A. Whether this case could have been brought in the Northern District of California.

Xilinx contends this matter could have been brought in the Northern District of California. Godo Kaisha does not contest this. Therefore, the Court finds this case could have been brought in the Northern District of California.

#### B. The Private Interest Factors

*(1) the relative ease of access to sources of proof*

Courts analyze this factor in light of the distance that evidence must be transported

to the trial venue. *See In re Volkswagen*, 545 F.3d at 316; *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) (presuming the bulk of the discovery material relating to a corporate party is located at the corporate headquarters); *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (noting the bulk of the relevant evidence in patent infringement cases usually comes from the accused infringer). *But see In re Hoffmann–La Roche Inc.*, 587 F.3d 1333, 1336–37 (Fed. Cir. 2009) (noting that documents moved to a particular venue in anticipation of a venue dispute should not be considered).

Here, the bulk of relevant evidence will likely come from Xilinx as the accused infringer. The Court presumes the bulk of discovery material relating to Xilinx is at its corporate headquarters. Indeed, Xilinx contends all of its documents relevant to the research, development, marketing, and sales of the accused devices are at Xilinx's headquarters in San Jose. Wu Decl. (Jan. 22, 2017) [Dkt. # 18-27] ¶ 10.

In response, Godo Kaisha primarily argues the evidence in San Jose would be easily transferable in electronic form. Resp. [Dkt. # 25] at 5–6. Secondarily, Godo Kaisha argues some evidence can be accessed from Xilinx's sales office in Plano. *Id.* at 6.

The Fifth Circuit, however, has cautioned against rendering analysis of this factor superfluous simply because technological advancements, such as storing and transferring documents in electronic form, presents a lesser inconvenience. *In re Volkswagen*, 545 F.3d at 316 ("That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous."). As to Xilinx's Plano office, Godo Kaisha fails to explain specifically

what evidence could be retrieved from that office. Moreover, Xilinx's interaction with TSMC NA and UMC USA, both of which are located in Northern California but have no presence in this District, is particularly compelling, as those entities are likely to have extensive relevant information concerning the design and manufacturing of the accused products. The Court therefore concludes this factor weighs in favor of transfer.

> (2) *the availability of compulsory process to secure the attendance of witnesses*

Xilinx designs FPGAs, but outsources manufacturing of the accused devices to TSMC Ltd and UMC Taiwan. Xilinx points to TSMC NA and UMC USA located in San Jose and Sunnyvale as potentially relevant witnesses over whom Northern California has absolute subpoena power. Godo Kaisha argues Xilinx has not identified any witnesses outside the subpoena power of this District or outside the nationwide subpoena power to compel a deposition, other than witnesses located in Asia.

The Fifth Circuit considers "absolute subpoena power" preferable when considering applicability of this factor. *In re Volkswagen*, 545 F.3d at 316. Given that Godo Kaisha has not identified any witnesses in its analysis, the Court finds the presence of TSMC NA and UMC USA in Northern California, which would have absolute subpoena power over those third parties, as sufficient to weigh this factor in favor of transfer.

> (3) *the cost of attendance for willing witnesses*

A court should analyze this factor by giving broad "consideration [to] the parties and witnesses in all claims and controversies properly joined in a proceeding." *In re*

*Volkswagen*, 371 F.3d 201, 204 (5th Cir. 2004). The court should consider all potential material and relevant witnesses, regardless of the likelihood of their being called to testify at trial. *See In re Genentech*, 566 F.3d at 1343 ("Requiring a defendant to show that a potential witness has more than relevant and material information at this point in the litigation or risk facing denial of transfer on that basis is unnecessary."). In addition, this factor weighs heavily for transfer when far more third-party witnesses reside in the transferee venue than the transferor venue. *In re Apple, Inc.*, 581 Fed. Appx. 886, 889 (Fed. Cir. 2014). Here, the Xilinx employees with knowledge of the design, development, and marketing of the accused products, who would provide testimony regarding infringement and damages, reside and work in or near San Jose. Wu Decl. (Jan. 22, 2017) [Dkt. # 18-27] ¶¶ 7–8. Moreover, most Xilinx executives and senior managers work in Xilinx's San Jose headquarters. *Id.* ¶¶ 8–9. Finally, the TSMC NA and UMC USA witnesses who provide technical support for and have knowledge about the sales and marketing of the foundry services used to manufacture the accused products also are located in the Northern California.

Godo Kaisha argues Xilinx has not identified any witnesses that would be unavailable in this District for trial. Instead, Xilinx's witnesses are subject to its control and could be required to appear in this district. Also, says Godo Kaisha, Xilinx clearly has the financial means to present its witnesses in this District.

The Court finds this factor also weighs in favor of transfer. As between them, the only third parties identified by either Godo Kaisha or Xilinx are TSMC NA and UMC USA.

Moreover, the Court is not aware of any authority where the financial means of presenting witnesses should be considered in a convenience-of-venue analysis.

> *(4) all other practical problems that make a trial easy, expeditious and inexpensive*

This factor concerns judicial economy, including duplicative suits involving the same or similar issues that may create practical difficulties. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009); *see also Continental Grain Co. v. The FBL-585*, 364 U.S. 19, 25 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [§] 1404(a) was designed to prevent."). The "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220–21 (7th Cir. 1986)).

Xilinx points to another lawsuit with Godo Kaisha pending in Northern California and based on 12 patents distinct from those at issue here. Mot. [Dkt. # 18] at 13. It highlights that controversy stems from the same licensing negotiations, and argues transfer of this case to the Northern District would assist with judicial economy. *Id.* Xilinx argues that, if this case is transferred, the Northern District is likely to relate the cases and assign them to the same district court judge. *Id.*

In response, Godo Kaisha argues the Court should consider the first-to-file rule.

Resp. [Dkt. # 25] at 9. Godo Kaisha also argues it was forced to file this lawsuit because Xilinx was not negotiating in good faith. *Id.* Finally, Godo Kaisha complains it would have to incur local counsel expenses if this case is transferred. *Id.* Thus, says Godo Kaisha, this factor weighs against transfer.

The Court finds this factor neutral. The pending Northern California case concerns different patents, and Xilinx points to no potentially related issues, such as claim construction, where the asserted patents in each case should be considered together. Godo Kaisha, on the other hand, points to facts irrelevant to convenience-of-venue analysis under Fifth Circuit law.

### C. The Public Interest Factors

*(1) the administrative difficulties flowing from court congestion*

This factor considers the speed with which a case may be resolved in the plaintiff's chosen venue and in the proposed transferee venue. *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). Generally, this factor weighs in favor of the venue with the faster time to trial, but the speed of the transferee district court should not alone outweigh the other factors. *Id.*

Xilinx argues this factor is neutral because the median time from filing to disposition at trial is 22.2 months in Northern California and 22.3 in this District. Godo Kaisha counters that time to trial in this District over the last 20 years averages 2.3 years, while time to trial in Northern California has averaged 2.8 years.

According to another source from the judiciary, the median time from filing to trial

in civil cases is 24.6 months in Northern California and 20.7 months in this District. http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile1231.2016.pdf at 35 (Texas Eastern), 66 (California Northern). Because this factor is primarily concerned about speed to trial, this factor weighs slightly against transfer.

### *(2) the local interest in having localized interests decided at home*

This factor considers the connection of the chosen venue's locality to the events giving rise to the suit. *See In re Volkswagen*, 371 F.3d at 205–06; *In re TS Tech*, 551 F.3d at 1321 (concluding where the accused products were sold nationally, the citizens of this District had no more or less of a meaningful connection to the case than any other venue). After all, "[j]ury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation." *In re Volkswagen*, 371 F.3d at 206 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947)).

The sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue. *In re Acer America Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010). But if there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor. *Id.* For example, when the company asserting harm and many of the companies alleged to cause the harm are all residents of that district. *Id.*

Here, both parties agree this factor is neutral.

### *(3) the familiarity of the forum with the law that will govern the case*

Patent claims are governed by federal law, and both courts are capable of applying

that law to infringement claims. *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1320. This factor is neutral.

> (4) *the avoidance of unnecessary problems of conflicts of laws or in the application of foreign law*

The parties agree this factor is neutral.

## IV.  CONCLUSION AND ORDER

Godo Kaisha fails to identify any specific witnesses or evidence within this District. Xilinx, however, identified a number of party witnesses residing in Northern California. Moreover, the Court expects third-party witnesses for TSMC NA and UMC USA will play a substantial role in this case.

Based on that, three of the four private interest factors weigh in favor of transfer. The other private interest factor is neutral. Of the public-interest factors, speed-to-trial weighs against transfer and the other three are neutral.

On balance, the factors weigh in favor of transfer. Accordingly, the Court **GRANTS** Xilinx's motion and **ORDERS** the District Clerk to transfer this case to the Northern District of California.

SIGNED this 14th day of September, 2017.

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE